UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA     :

       vs.         :   NO. 3:21-CR-87 (VAB)

JESSICA MARTINEZ        :   July 25, 2025

**JESSICA MARTINEZ'S REPLY TO GOVERNMENT'S SENTENCING MEMORANDUM**

Ms. Jessica Martinez submits this reply in order to respond to several points in the government's sentencing memorandum (Doc. #298, hereinafter "Gov't Mem."). By limiting her reply to these points, Ms. Martinez does not waive any of the arguments raised in her initial sentencing memorandum.

**1. The enhancement under § 2J1.3(b)(2) does not apply.**

If a defendant's perjury "resulted in substantial interference with the administration of justice," the offense level increases by three levels. U.S.S.G. § 2J1.3(b)(2). Contrary to the government's argument, the enhancement does not apply in Ms. Martinez's case.

According to the Guidelines Commentary, "'substantial interference with the administration of justice' includes a premature or improper termination of a felony investigation, an indictment, verdict, or any judicial determination based upon perjury, false testimony, or other false evidence, or the unnecessary expenditure of substantial government or court resources." Application Note 1 to Commentary, U.S.S.G. § 2J1.3. Here, the government claims that the enhancement applies based on the unnecessary expenditure of substantial government resources. Gov't Mem. at 10.

It is the government's burden to prove that Ms. Martinez's offense caused such unnecessary expenditure of substantial government resources. The Second Circuit has held that if the defendant

was the "only known source" of information "not already known by the government," substantial

interference may be inferred. *United States v. Jones*, 900 F.2d 512, 522 (2d Cir. 1990). Otherwise, the

government must provide evidence sufficient for the court to "(1) identify a particular expenditure of

governmental resources (time or money), (2) which but for the defendant's conduct would not have

been expended, and (3) was 'substantial' in amount." *United States v. Tackett*, 193 F.3d 880, 887 (6th

Cir. 1999).

Here, the government contends that Ms. Martinez's false declarations before the grand jury

required law enforcement and the U.S. Attorney's Office to "perform otherwise unnecessary

investigative work," including "locating, interviewing, and eliciting grand jury testimony from two

additional civilian witnesses." Gov't Mem. 10. ████████████████████████████████████

████████████[1]

████████████████████████████████████████████████
████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

---

[1] Because the following section contains discussion of grand jury testimony, transcripts of which were provided to defense counsel as protected discovery, it is being redacted in the public version of this filing.



████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████

██████████████████████████

████████████████████████████████████████████████████

███████████████████████ the government has not demonstrated a "substantial expenditure" of resources. The Second Circuit has generally affirmed the enhancement in cases of much more serious interference. *See United States v. Amer*, 110 F.3d 873 (2d Cir. 1997) (defendant abducted his children and brought them to Egypt to avoid custody dispute); *United States v. Harte*, 108 F.3d 1370 (2d Cir. 1997) (defendant's perjury led to a "premature and improper termination" of a grand jury proceeding, preventing the indictment of two individuals); *United States v. Leung*, 360 F.3d 62, 65 (2d Cir. 2004) (defendant faked his own death, resulting in at least two Deputy Marshals working on the case daily

for over a month; interviewing family members, employers, landlords, neighbors, and others; obtaining hundreds of documents; and conducting surveillance on eight different days); *United States v. Roberts*, 134 Fed. App'x 470, 472 (2d Cir. 2005) ("unquestionably substantial" expenditure of resources where offense "precipitated a needless bankruptcy proceeding which lasted two and one-half years"); *United States v. Escalera*, 957 F.3d 122, 139 (2d Cir. 2020) ("brutal beating of a witness during his testimony" resulted in "three-week delay of the witness's testimony and causing a substantial and noticeable diminution in the witness's capacity or willingness to testify"). Here, the government has identified travel expenses under $1,500 for a single witness whom the government would have called and paid for even if Ms. Martinez had testified truthfully or invoked her Fifth Amendment rights. This is not a "substantial expenditure" and does not rise to the level of "substantial interference," even putting aside the question of causation.

2. **Ms. Martinez is entitled to a three-point reduction for acceptance of responsibility.**

Ms. Martinez should receive full credit for acceptance of responsibility under U.S.S.G. § 3E1.1. Her position has not changed and no new information has come to light since the parties entered the plea agreement on April 10, 2025. She saved the government the time and resources of a trial through her decision to accept the government's offer to plead guilty to the perjury charge only. The government indicates in its sentencing memorandum that at this stage, the government does not oppose a reduction for acceptance of responsibility, but that the government "reserves the right to revisit its determination" at sentencing. Gov't Mem. at 12. Ms. Martinez likewise reserves the right to make arguments at sentencing in support of a reduction for acceptance of responsibility, should the government change its position.

### 3. A sentence of time served is warranted.

The government's memorandum overstates Ms. Martinez's role, knowledge, and intentions in the larger "scheme," while minimizing or overlooking her mitigating life circumstances, as well as Dennis Bradley's influence over her. The nature and circumstances of this offense, and Ms. Martinez's history and characteristics,[3] weigh in favor of a sentence of time served.

The government argues that perjury is a serious crime that should be met with serious consequences. Gov't Mem. at 12. Ms. Martinez has suffered serious consequences. She has been the subject of a federal investigation and prosecution for the last six years, which has taken an incalculable emotional toll. She has incurred her first and only criminal conviction. She will be a convicted felon for the rest of her life with all the collateral consequences that entails. She has been publicly shamed and scrutinized in the media, not only for her offense, but for details of her personal life, including her substance use and mental health, as a result of this case. She has been subject to federal supervision for over four years, during which time she has been subject to periods of home detention, home incarceration, location monitoring, and inpatient treatment, not to mention countless other restrictions on her liberty. Importantly, to the extent that the government believes that imprisonment is necessary, Ms. Martinez has served time incarcerated in connection with this case—her first and only period of incarceration in her life. The punishment in this case has been staggering. All of the goals of

---

[3] In a footnote, the government questions whether Dr. Kathryn Thomas's letter, which was attached to Ms. Martinez's sentencing memorandum as Exhibit F, "give[s] rise to a conflict of interest." Gov't Mem. at 14 n.3. There is no conflict of interest. Dr. Thomas has provided a letter to the Court describing her work with Ms. Martinez explicitly as a member of the defense team, which has involved approximately 60 one-hour meetings since October 2023 "to provide support and discuss coping skills." *See* Ex. F to Def. Mem. Dr. Thomas does not offer an expert opinion nor a diagnosis. The letter clearly discloses Dr. Thomas's role within the Federal Defender Office. The Court is, of course, free to consider Dr. Thomas's role at the Federal Defender Office in determining what weight to give to her letter. For Ms. Martinez, Dr. Thomas's ongoing support has been a crucial ingredient of her recovery, in combination with substance use treatment and mental health treatment from outside providers.

sentencing have been served. Any additional period of incarceration or supervision would be greater than necessary to serve the goals of sentencing under 18 U.S.C. § 3553(a).

Respectfully Submitted,

THE DEFENDANT,
Jessica Martinez

FEDERAL DEFENDER OFFICE

Date: July 25, 2025

/s/ Carly Levenson
Carly Levenson
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar No.: pvh09665
Email: carly_levenson@fd.org

/s/ Tracy Hayes
Tracy Hayes
Assistant Federal Defender
265 Church Street, Suite 702
New Haven, CT 06510
Phone: (203) 498-4200
Bar No.: phv06527
Email: tracy_hayes@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2025, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ Carly Levenson
Carly Levenson